UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DIRECTV, INC.,

    Plaintiff,

v.                                                              Case No. 1:02-CV-890

TRAVIS WEISS,                                   HON. GORDON J. QUIST

    Defendant.
_____/

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's motion to enforce settlement agreement. On September 22, 2003, the parties entered into a confidential settlement agreement ("Agreement"). Defendant paid part of the amount due under the Agreement but has not paid the remaining balance of $750, which was due on October 24, 2003. Plaintiff filed the instant motion to enforce the settlement after its attempts to resolve the matter through counsel failed.

The Court has jurisdiction to enforce the Agreement because the case has not been dismissed. Cf. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378-381, 114 S. Ct. 1673, 1676-77 (1994) (holding that a district court does not have jurisdiction to enforce a settlement agreement after dismissal without an independent basis for jurisdiction or unless the court in the order of dismissal expressly retained jurisdiction to enforce the settlement agreement).

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." Bostick Foundry Co. v. Lindberg, 797 F.2d 280, 282-83 (6th Cir. 1986). "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the

actual merits of the antecedent claims will not thereafter be examined." Id. at 283.  A court may enforce a settlement agreement only if it concludes that the parties have reached agreement on all material terms.  Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988).  A trial court has the power to summarily enforce a settlement agreement, without an evidentiary hearing, when the parties do not dispute the material facts pertaining to the existence or terms of the settlement agreement. Kukla v. Nat'l Distillers Prods. Co., 483 F.2d 619, 621-22 (6th Cir. 1973).  However, the court must enforce the terms of the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.  Brock, 841 F.2d at 154.

In this case, the parties entered into a written settlement agreement that expressly sets forth the precise terms of the settlement agreement.  There is no dispute regarding the terms of the Agreement, and Plaintiff is entitled to judicial enforcement of the Agreement.  Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Enforce Settlement Agreement (docket no. 90) is **GRANTED**.

A separate judgment will be entered.


Dated: July 1, 2005                                         /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE